IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ARIN OWEN MARCUS,

        Plaintiff,

                No. 3:12-cv-01750-HZ

                OPINION & ORDER

    v.

STATE OF OREGON, et al.,

        Defendants.

Arin Owen Marcus
10449 S.E. Cook Court, Apt. 191
Milwaukee, OR 97222

    Pro Se Plaintiff

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Now before me are three motions for preliminary injunction ("Motions") (doc. #8, #10, #11) filed by Arin Owen Marcus ("Plaintiff"). The Motions seek, among other things, (1) an award of "$12,500.00 for lost wages, lost time, administrative costs and other Expenses [sic] related to Washington County Juvenile Case #110-334"[1]; (2) an order precluding defendants from "discussing this case", requiring "the Federal Bureau of Investigations Portland Field Office to investigate . . . Plaintiff's claims", issuing "[a] warrant to secure and investigate electronic communications sent and received by the defendants in the course of Washington County Juvenile Case No.J10-0344", suspending "further Court Action [sic] against . . . Plaintiff in Washington County Juvenile Court," transferring "Juvenile Case No. J10-0344 to Multnomah County, Oregon," prohibiting "Multnomah County Parole and Probation Officer Scott Nielsen from any further contact with the Department of Human Services regarding this proceeding and Juvenile Case No. Jl0-0344"; and (3) "allowing . . . Plaintiff to assume Protective Custody [sic] of his son Owen Riley Alexander Marcus from the State of Oregon".

Also before me is an Amended Motion to Appoint Pro Bono Attorney for Plaintiff ("Motion for Reconsideration") (doc. #16) which requests that I "reconsider . . . [this Court's previous denial of Plaintiff's motion for] appointment of Pro Bono [sic] representation". Mot. for Reconsideration, p. 1. For the reasons that follow, Plaintiff's Motions (doc. #8, #10, #11) are DENIED and Plaintiff's Motion for Reconsideration (doc. #16) is DENIED.

## BACKGROUND

Plaintiff brings claims against a number of defendants, including (1) the State of Oregon

---

[1] The complaint alleges that the "State of Oregon and its agents are petitioning to terminate [Plaintiff's] parental rights" over his son in "Case #110-334". Compl., p. 2.

Department of Human Services Child Welfare Section; (2) Michele Aragon, Molly Taylor, Trisha Hartfeld, and Jason Trombley (alleged employees of the State of Oregon Department of Human Services); (3) the Oregon Department of Justice Child Advocacy Section, and (4) Marcia Lance-Bumb (an alleged employee of the Oregon Department of Justice) (collectively, "Defendants").  Compl., pp. 3-4.  Plaintiff alleges Defendants "denied [him] Due Process [sic] when applying the Law [sic] for deceptive and illegal purposes" and that "the intentional deprivation of [his] rights resulted in Loss of Liberty, Loss of Property, and Loss of Rights [sic]."  Id., p. 10.

On September 27, 2012, Plaintiff filed a motion for the appointment of pro bono counsel and on October 22, 2012, I issued an order denying Plaintiff's motion.  Plaintiff subsequently filed the motions currently pending before me.

## STANDARDS

**I. Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original and citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20.  The Ninth Circuit has "glossed that standard by adding that there is a sliding scale approach which allows a plaintiff to obtain an injunction where he has only shown serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . so long as the

plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Developmental Serv. Network v. Douglas, 666 F.3d 540, 544 (9th Cir. 2011) (internal quotation marks and citations omitted).

## II. Motion for Reconsideration

Rule 59(e) of the Federal Rules of Civil Procedure ("Rule") "permits a district court to reconsider and amend a previous order". Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation and quotation marks omitted). The rule, however, "offers an extraordinary remedy . . . to be used sparingly in the interests of finality and conservation of judicial resources." Id. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994) (citation and quotation marks omitted). Under Rule 60, a court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

/ / /

/ / /

/ / /

4 - OPINION & ORDER

## DISCUSSION

### I. Motion for Preliminary Injunction

Plaintiff does not specifically argue, let alone make a sufficient showing, that he has satisfied any of the four factors required for a preliminary injunction. Accordingly, Plaintiff's Motions are denied.

### II. Motion for Reconsideration

As stated above, Plaintiff seeks reconsideration of this Court's October 22, 2012, order denying his motion for appointment of pro bono counsel. Plaintiff does not articulate whether he brings the Motion for Reconsideration under Rule 59 or 60. Nevertheless, Plaintiff's mere disagreement with this Court's October 22, 2012, order does not provide a sufficient basis to grant the Motion for Reconsideration. In addition, Plaintiff's arguments, including that this is an "unfairly balanced legal match" and that he "lacks the necessary knowledge" of an attorney are insufficient to grant his motion. Mem. in Supp. of Mot. for Reconsideration, pp. 1-2. Simply stated, Plaintiff provides no persuasive argument as to why the extraordinary relief he seeks is warranted under the circumstances here. Plaintiff's Motion for Reconsideration is denied.

## CONCLUSION

Based on the reasons above, Plaintiff's motions for preliminary injunction (doc. #8, #10, #11) are DENIED and Plaintiff's Amended Motion to Appoint Pro Bono Attorney (doc. #16) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of Nov, 2012.

_/s/ Marco Hernandez_
MARCO A. HERNANDEZ
United States District Judge