IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ARIN OWEN MARCUS,

        Plaintiff,

        v.

STATE OF OREGON, et al.,

        Defendants.

No. 3:12-cv-01750-HZ

OPINION & ORDER

Arin Owen Marcus
10449 S.E. Cook Court, Apt. 191
Milwaukee, OR 97222

    Pro Se Plaintiff

Heather J. Van Meter
OREGON DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR 97301-4096

    Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Arin Owen Marcus ("Plaintiff"), pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 against "THE STATE OF OREGON DEPARTMENT OF HUMAN SERVICES-CHILD WELFARE and its' [sic] agents, Jason Trombley, Molly Taylor, Michele Aragon and Trisha Hartfeld, WASHINGTON COUNTY JUVENILE COURT Judge Michele Rini, COURT APPOINTED SPECIAL ADVOCATE MeeSeon Kwon, and other conspirators, agents, servants and employees and those acting in active concert" (collectively, "Defendants").  Compl., p. 2.  Plaintiff alleges "violations . . . in connection with a Juvenile Court case in Washington County, State of Oregon, CaseNo. J 10-0344, wherein the State of Oregon and its agents are petitioning to terminate [his] parental rights . . . without Due Process of the Law."  Id.  Plaintiff alleges that "[t]he State of Oregon has willfully and maliciously circulated secret reports to providers of required services in order to solicit unfairly balanced reports" and that Defendants "conspired to deprive his individual rights, a Federal Crime under Title 18 of the United States Code Section 241 and deprive him of his individual rights under the color of law as defined within Title 18 of the United States Code section 242."  Id., pp. 2-3.  Plaintiff seeks "Declaratory Judgment, Preliminary and Permanent Injunctive Relief . . . enjoining Defendants . . . from engaging in further violations of the UNITED STATES CONSTITUTION'S FOURTEENTH AMENDMENT as it pertains to Due Process Of the Law."  Id., pp. 1-2.  Plaintiff seeks $1,500,000.00 in damages for "emotional distress", $24,987,500.00 in punitive damages, a "Permanent Order prohibiting . . . Defendants from further interference of the relationship of . . . Plaintiff and his child", and a "Permanent Order preventing . . . Defendants from discussing the case with colleagues . . . Plaintiff".  Id., p. 11.

For the reasons set forth below, I conclude that this action must be dismissed.

## DISCUSSION

District courts are courts of limited jurisdiction and "may not grant relief absent a constitutional or valid statutory grant of jurisdiction." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citation omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Id. A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. Cal., 191 F.3d 1020, 1025 (9th Cir. 1999) (citation omitted). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted).

"There is no subject matter jurisdiction over . . . domestic disputes" where a "federal court is asked to grant a divorce or annulment, determine support payments, or award custody of children." Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (citation omitted); see also Driggers v. Idaho Dept. of Health & Welfare, No. CV08-116-N-BLW, 2008 WL 2095683, at *1 (D. Idaho 2008) ("[F]ederal district courts have no jurisdiction over divorce or child custody issues, which are exclusively matters of state law."). A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). "This rule applies even [when] . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." Id. (citation omitted).

This case, while raising constitutional issues, is at its core a child custody dispute and the claims here clearly arise out of Plaintiff's child-custody proceedings in Washington County Circuit Court. As noted above, this Court lacks subject-matter jurisdiction over claims of this

3 - OPINION & ORDER

nature. Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject-matter jurisdiction.

Additionally, I find that abstention is appropriate under the Younger abstention doctrine. A district court may dismiss an action sua sponte based on the Younger abstention doctrine. See Agustin v. Cnty. of Alameda, 234 Fed. Appx. 521 (9th Cir. 2007) (citing Younger v. Harris, 401 U.S. 37 (1971)). In Younger, the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings". Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Absent extraordinary circumstances, Younger abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." San Remo Hotel v. City and Cnty. of S.F., 145 F.3d 1095, 1103 (9th Cir. 1998) (citation omitted). "Younger abstention requires dismissal of the federal claim for injunctive relief . . . ." Id.

Here, dismissal of the Complaint is appropriate because the state court proceeding to which Plaintiff objects is ongoing, implicates important state interests, and provides Plaintiff an adequate opportunity to litigate his federal claims. See Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); see also Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 477-78 (1981) ("The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication.") (Citation omitted).

Because it is not absolutely clear that the deficiencies of the Complaint could not be cured by amendment, Plaintiff is granted leave to file an amended complaint. See Silva v. Di Vittorio, 658 F.3d 1090, 1106 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (Citation omitted).

## CONCLUSION

Based on the reasons above, the Complaint is dismissed for lack of jurisdiction. Plaintiff is to file an amended complaint no later than thirty days after the date stated below. Pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 12 day of Dec, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

5 - OPINION & ORDER